UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RUDOLPH W. GRIFFIN,

               Petitioner,

v.                                                    9:24-CV-0783 (BKS)

A. TITUS, Superintendent, Orleans Correctional Facility,

               Respondent.
_____

APPEARANCES:                                   OF COUNSEL:

RUDOLPH W. GRIFFIN
Petitioner, pro se
05-B-3221
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411

BRENDA K. SANNES
Chief United States District Judge

**DECISION and ORDER**

I.     INTRODUCTION

     Petitioner Rudolph W. Griffin seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."). On June 18, 2024, the case was administratively closed due to petitioner's failure to properly commence it. Dkt. No. 2, Administrative Order. Petitioner was given thirty (30) days to either (1) pay the statutory filing fee or (2) submit a second, properly certified IFP application. *Id.* at 2.[1, 2]

     Petitioner timely remitted the filing fee, and the case was restored to the Court's active docket. Dkt. Entry dated 06/20/24 (memorializing receipt information from the filing fee

---

[1] The statutory filing fee for a federal habeas corpus action is $5.00. 28 U.S.C. § 1914(a).
[2] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

1

transaction); Dkt. No. 3, Text Order (reopening case).  For the reasons which follow, this case should be transferred to the United States District Court for the Southern District of New York ("Southern District").

## II.     PETITION

In 1995, petitioner was convicted, upon a guilty plea, of Second-Degree Criminal Possession of a Controlled Substance in Sullivan County.  Pet at 2-3; *accord People v. Griffin*, 251 A.D.2d 693, 693 (3rd Dep't 1998).  Petitioner directly appealed his judgment of conviction, and the judgment was affirmed.  *Griffin*, 251 A.D.2d at 694, *appeal denied by*, 92 N.Y.2d 879 (1998).  Petitioner also collaterally challenged his conviction by filing a motion to vacate pursuant to New York Criminal Procedure Law § 440.10 ("440 motion").  Pet. 2.  The 440 motion was denied, without a hearing, on August 5, 2020.  *Id.* at 6-9.

Petitioner also pled guilty to federal charges in the Spring of 1997.  *See United States v. Joyner et al.*, No. 3:95-CR-0232 (TJM), Dkt. No. 1485, Minute Entry (explaining that petitioner was sentenced on 4/21/1997 to 3 years' imprisonment to be served concurrently with the state sentence imposed in November of 1995 and that petitioner is also sentenced to 5 years' supervised release); *see also* Pet. at 11-20 (sentencing transcript after petitioner's guilty plea in his federal criminal action).  It appears that in 1999 the state court resentenced petitioner, "n[unc] pro tunc to April 21, 1997," "to run concurrent[ly] with [petitioner's] Federal Sentence." Pet. at 23.

Petitioner argues that he "is either being illegally held in violation[] of [the] double jeopardy clause or is being illegally held without execution of the Judgment of the State Court." Pet. at 1.  The petition is difficult to decipher, but petitioner contends that "he is in illegal[] custody without ever being properly sentence[d because there] . . . was never [an]

order in the first place." *Id.* at 24.  Petitioner concludes that he is now an illegally detained, federal prisoner because his state conviction out of Sullivan County was never properly filed; therefore, the state custody and incarceration were rendered unenforceable, and his illegal detention must be challenged through § 2241.  Pet. at 24-26.

## III.    DISCUSSION

### A.    Is the Action Brought Properly as a Habeas Petition Pursuant to Section 2241 or Section 2254?

This petition was brought pursuant to 28 U.S.C. § 2241.  Section 2241 provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  That section generally permits federal prisoners to challenge the execution of a sentence, including the computation of the sentence and parole decisions, rather than the imposition of that sentence or the underlying federal conviction under section 2255.  *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *see also Doe v. Terrell,* No. 1:09-CV-5834, 2010 WL 743180 at *3 (S.D.N.Y. Feb. 25, 2010) ("Although § 2241 may be invoked by prisoners 'in custody under or by color of the authority of the United States' or 'in custody in violation of the Constitution or laws or treaties of the United States,' 28 U.S.C. § 2241(c), the statute pertains to challenges to the execution of a federal sentence.") (emphasis omitted, quoting *Robinson v. Atkinson,* No. 1:03-CV-5176, 2004 WL 1798129 at *2 (S.D.N.Y. Aug. 5, 2004)).

State prisoners, in contrast, must bring challenges both to the execution of a sentence and to underlying convictions under section 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

3

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *accord, Cook*, 321 F.3d at 278.

While petitioner explicitly brings this petition pursuant to § 2241, the courts are not bound to accept it as such. *See Cook*, 321 F.3d at 277-78 (explaining that "if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under [§] 2241, the district court must treat it as a [§] 2254 application instead.") (citing *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) ("[I]t is the substance of the petition, rather than its form, that [governs.]"). Therefore, the undersigned can, and will, evaluate the claims in the petition pursuant to the appropriate statutory provision.

Here, petitioner contends that he is not actually in state custody because of defects with his sentencing. Accordingly, it seems that, despite petitioner's present incarceration in a New York State Department of Corrections and Community Supervision ("DOCCS") facility, he has deduced that his state custody is unlawful, and he is an illegally detained federal prisoner.

Unfortunately for petitioner, the Court is not bound to categorize his pleadings in a particular way just because that is how the petitioner presented them to the Court. As previously noted, petitioner is in state custody since he is currently housed in a DOCCS facility, serving a state sentence, where he is scheduled to remain until at least October of 2025. Further, petitioner argues that he is entitled to federal habeas relief because his double jeopardy rights were violated when his constitutionally ineffective counsel permitted petitioner to accept a "sham plea [for which the county court] . . . lack[ed] subject matter jurisdiction[.]" Pet. at 2. Petitioner is challenging decisions which the state court judge permitted which resulted in his conviction, and which were litigated before the state courts

during petitioner's direct and collateral state court challenges to that conviction; therefore, petitioner disputes the validity of his state court conviction and sentence imposed upon him in Sullivan County Supreme Court.  Accordingly, the petition is properly brought pursuant to § 2254.

Unlike section 2241 petitions, petitions filed under section 2254 are subject to the "gate keeping" provisions of section 2244, including the restrictions upon the filing of "second or successive" section 2254 habeas petitions under subsection (b) and the one-year limitation period under subsection (d).  Therefore, the conversion of petitioner's petition into one brought pursuant to section 2254 will bring with it certain restrictions.

First, section 2254 petitions are subject to a one-year statute of limitations that generally begin to run from the date on which the state criminal conviction or other challenged state court decision became final by the conclusion of direct review or by the expiration of the time to seek direct review.  28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n. 9 (2012).  Ordinarily, for purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could

have been discovered through the exercise of due diligence (newly discovered evidence).  28 U.S.C. § 2244(d)(1)(B)-(D).

Second, petitioners are generally permitted to file only one section 2254 petition challenging a particular state court judgment.  Once that first petition has been decided on the merits, a petitioner may not file a second or successive petition challenging the same state court decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals–in this case, the Second Circuit.  28 U.S.C. § 2244(b).

Because of these restrictions, a filing may not be converted into a first section 2254 petition without notifying the petitioner of the district court's intent to convert the petition and giving him or her an opportunity to consent to the conversion or to withdraw the petition rather than having it converted.  *Castro v. United States*, 540 U.S. 375, 383 (2003); *Cook*, 321 F.3d at 282.  Accordingly, petitioner is notified and advised that the Court intends to convert this section 2241 petition into a section 2254 petition, and that this conversion means that the petition will be subject to the restrictions on any future, successive petitions set forth in 28 U.S.C. § 2244(b) and the one-year statute of limitations set forth in § 2244(d)(1).

The conversion of this petition will occur unless petitioner notifies the court, in writing, within thirty (30) days of the filing date of this Decision and Order that he either (1) consents to the conversion or (2) voluntarily withdraws the petition instead of having it converted to a petition under section 2254.  If petitioner does not advise the Court in writing within thirty (30) days of either his consent to the conversion or his voluntary withdrawal of the petition, the Court will convert his petition into a section 2254 petition.

**B.     Transfer**

Furthermore, petitioner's underlying conviction is from Sullivan County, which is found in the Southern District of New York.  *See* 28 U.S.C. § 112(b).  Therefore, the Court concludes that the United States District Court for the Southern District of New York ("Southern District") is the appropriate forum for this action.  28 U.S.C. § 2241(d); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 497-98 & n.13 (1973) ("Congress explicitly recognized the substantial advantages of having these [habeas] cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy.").  Accordingly, in the event petitioner either chooses to consent to the conversion or does nothing in response to this Decision and Order, this action will be transferred to the Southern District.

## III.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner must notify the Court in writing **within thirty (30) days** of the filing date of this Decision and Order whether he: (1) consents to having his section 2241 petition converted to a section 2254 petition; or (2) voluntarily withdraws the pending petition instead of having it converted.  If petitioner fails to advise the Court in writing within thirty (30) days of the filing date of this Decision and Order of either his consent to the conversion or his voluntary withdrawal of this amended petition, the petition will be converted to a section 2254 petition; and it is further

**ORDERED** that if petitioner does not voluntarily withdraw his amended petition, this action will be transferred to the United States District Court for the Southern District of New York.  In the event this action is going to be transferred, the Court will waive the fourteen (14)

day waiting period provided for in Local Rule 3.7 without further order from the Court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

Dated: June 26, 2024

Brenda K. Sannes
Chief U.S. District Judge